So we'll first hear 20-3195 U.S. v. Hald. Ms. Gassman, are you ready? Yes. Good morning. May it please the court, Kayla Gassman for the appellant James Hald. The district court erred by not following the order of operations prescribed by the statute in this case when it denied Mr. Hald's motion for a sentence reduction under 3582c1. The court failed to make the threshold eligibility determination of whether Mr. Hald's medical conditions and vulnerability to COVID-19 constituted extraordinary and compelling reasons warranting a reduction under the statute. Instead, the court skipped that determination and denied the motion based only on the 3553a factors without giving any real weight to Mr. Hald's medical conditions in this reduction analysis. Ms. Gassman, the arguments that you articulated now and in your brief may have caused a great deal of study to be undertaken by the court in resolving them. In light of Mau-Mau and McGee, what is left of your argument and specifically the question of whether there was a requirement to do a threshold analysis of the extraordinary and compelling circumstances, Mau-Mau and McGee, at least as I read them, make it fairly clear that no such threshold requirement was needed to be undertaken. There was no requirement. So please clarify for me why you believe there is the need to reach that first factor now. So I have a couple of reasons. So first, I think Mau-Mau and McGee support my argument in a couple of ways. First, I think Mau-Mau and McGee both hold that the text of 3582c1 creates a three-step test with three distinct independent findings that each have to have weight. And the second thing that McGee and Mau-Mau do that guide, I think, the resolution of this case is analogize C1 to C2. And C2 also creates a multi-step statutory framework for resolving a sentence reduction motion. There, the threshold eligibility question is whether there is a guidelines range that has been lowered by the Sentencing Commission. I think understanding that analogy where that lower guidelines determination is equivalent to the extraordinary and compelling reasons finding under C1, I think, illustrates the error in this case. Under C2, it wouldn't be permissible, I don't think, for a district court to skip the eligibility question of whether there's a lower guidelines range and instead resolve the motion based only on the 3553a factors without considering that lower guidelines range at all. But is it that isn't, and I don't want to go too far down that other statute, but isn't that a jurisdictional determination as it relates to the other statute? Well, this court has held that it is, but I think regardless of whether or not- Well, I mean, then you can't, then the court had no liberty to bypass that first step in the other statutory regime. And this one, hasn't Mau-Mau and McGee specifically said that these are discrete factors and that each one could result, if you're going to deny, could result in you not getting relief. Therefore, why, at least as I read them, in what language would you point me to to suggest otherwise that in those two cases, they make it fairly clear that you don't have to reach the first factor if you're denying relief? I would point to the language of the statute. So I think the part of Mau-Mau and McGee that Judge Holmes that you're pointing to is where it says that the district court can deny if any of the three prerequisites are lacking, it doesn't have to address the others. But I think just to be consistent with the text of C1, what that part of McGee must be read to mean is that the court has to at least assume that there are extraordinary and compelling reasons when it denies a motion based on the 3553A factors and has to give those assumed reasons weight in the sentence reduction analysis. And the reason why I think that McGee and Mau-Mau have to be understood that way is because of the text of C1. Extraordinary and compelling reasons is the standard that Congress set in C1 that gets someone back into court. It's the standard that if it is met, then a person can go back into court and the district court then has the authority to reduce a sentence to reconsider whether the sentence is still reasonable in light of those changed circumstances. I think to read that requirement out of the statute makes that provision essentially meaningless. But that's it. I'm beginning to think you haven't read footnote four in Mau-Mau. It says the Sixth Circuit has clarified that quote district courts may deny compassionate release motions when any of the three prerequisites listed in 3582C1A is lacking and do not need to address the others. And then we say we agree. I have read that footnote, but I think that footnote has to mean in light of the text of the statute, it has to mean that if the court resolves on the 3553A factors at the third step, that analysis must at least assume that there are extraordinary and compelling reasons. Well, that's what the judge did. He said, I don't need to reach that. I'll assume it. You lose anyway. I disagree. What else could that mean? I disagree. I think that misreads the record, but the court, what the court said is that those reasons may be extraordinary and compelling, but the court never mentioned those reasons again. And then the last, the last sentence of the order actually says that Mr. Hall didn't present extraordinary and compelling reasons. So reading the, it says, he said, did not present extraordinary, compelling reasons that justify granting relief, which means extraordinary and compelling reasons that satisfy the other two steps. That's what that means. I think that's natural, but, but there's one other thing I'd like you to address while you're responding to this. The factors that determine the facts that would determine whether it's extraordinary and compelling reasons are also facts that are relevant under 3582 C1A, are they not? So the court was considering those things. If you're, if you're sentencing someone initially, and that person has a terminal disease, which would ordinarily be grounds for compassionate release, the court is highly unlikely to sentence the person to incarceration in that circumstance. That's a, that's a proper factor under 3582 C1A. So those were considered by the court. Those are to be considered, and there's every reason to think that the court did consider those factors under the third step. Am I wrong? Go ahead and respond. Yeah. Well, I, I don't think the record supports that reading because what the district court said, he acknowledged, he described the medical conditions that Mr. Hull has been diagnosed with and acknowledged that they exist and dispute that they exist, but then did not find whether those reasons actually constitute extraordinary and compelling reasons, warranting a reduction. He said only that they may, and then he skipped to the 3553A factors, but the 3553A analysis under C1 has to be reconsidered in light of the new change circumstances. The, the circumstances that Judge Hart that you're describing, that would be considered, the medical conditions would be considered as part of the 3553A analysis at the initial sentencing, but under C1, a person is always going to be in a situation where the, the extraordinary and compelling reasons are new because it's something that didn't exist at the time of the original sentence. So the district court to do a 3553A analysis at, under a C1 framework has to consider what those new extraordinary and compelling reasons are. That's true, but, but it doesn't need to determine whether those facts are extraordinary and compelling, just has to consider them under a 3582C1A analysis, which is a different analysis. So a person who is moving for a sentence reduction under 3582C1 is always going to be serving a sentence, but the district court originally found to be sufficient, but not greater than necessary under the 3553A factors. So if all the district court has to do under C1 is recon, look at those factors again, as they originally balanced the seriousness of the the person's criminal history, but doesn't have to actually make a finding about the new extraordinary and compelling reasons. And therefore it doesn't have to actually consider whether those new extraordinary and compelling reasons alter the balance. I think that just reads entirely out of existence. I don't see why it's necessary. I don't see why you say that an analysis conducted at the new hearing under 3582C1A cannot consider the present situation, the illness or the, or the risk. Why wouldn't it? I think it does. I don't think we disagree on this or perhaps I'm not understanding. Well, you seem to be saying that the 35, the third step of the analysis does not incorporate the factors that are being argued as creating extraordinary and compelling circumstances. And what I'm saying is yes, 3582, the third step does require considering those factors, but just in the typical 3582, I'm sorry, 3553A analysis, and the court doesn't in the typical 35, I'm sorry, I'm getting my numbers mixed up. The 3552A1 analysis doesn't have to make any determination whether those are extraordinary and compelling. So I understand, but that, that my argument is not that the extraordinary and compelling reasons that the court has to find that step one are not relevant to the 3553A. Of course, there can be some overlap. Some facts will be relevant under both factors, but the question at the first step is whether the reasons that the defendant has presented in a motion for sentence reduction constitute extraordinary and compelling reasons, warranting a reduction. I think the court has to find whether those reasons exist and what they are in order to make the other statutory findings and to conduct a correct 3553A analysis. So that order of operations is important because that finding of whether they're extraordinary and compelling reasons and what they are is a necessary predicate finding to doing a 3553A analysis. May I interrupt for a quick second? Let me make sure that I understand what, what I think the gist of your argument is, that the, is necessary to reach the extraordinary and compelling circumstances because when you do the 3553A analysis, you have to accord appropriate weight to the considerations as it related to the first factor. That would be why in your view, you will at least have to assume that extraordinary and compelling circumstances existed so that when you get down to the 3553A factors, not only do you incorporate circumstances of the defendant as you ordinarily would in the 3553A circumstance, but you will have been able to appropriately frame those circumstances that the defendant in light of the first consideration, the one that either you expressly found or you assume. Is that right? Yes. Okay. Well, then, then, then my point is that whole, that, that's intriguing and that, you know, has some sort of plausibility to it, but, but we expressly, at least as I read, McGee have indicated that these are three freestanding considerations. In other words, if you can, that, that there, that I can do step three, irrespective of anything going on with step one and step two, and that in step three, consistent with what Judge Hartz was saying, I will consider the circumstances of the defendant as they exist today. But, but there's, but the, the thrust of those decisions, if you accept the independence of them, if you accept the independence of them, the thrust of them is I don't have to accord weight to what went on in one in order to do my job in three. Why are those decisions not saying that? I want to answer this question and then I want to reserve the rest of my time for rebuttal. But first of all, McGee and Maumau relied on Sixth Circuit precedent to make that ruling. The Sixth, all of the Sixth Circuit precedent assumes extraordinary and compelling reasons. And I don't think the court says that the facts that are relevant at step one can't be considered at step three. I don't read the cases to say that. And I don't think that would make sense considering the breadth of what a 3553A analysis is. My point is that the initial threshold question of whether they're extraordinary and compelling reasons is the congressional standard that gets someone back into court. And that's why it's important for the district court to make that predicate finding before it can do a complete 3553A analysis. With that, I'd like to reserve my time. Thank you, Mr. Brown. Our argument is very simple today. We think that the defendant's claim... It's hard to hear you, Mr. Brown. You're breaking up a little bit. You're not very loud. Can you... Okay. All right. How about now? Is it better? Slightly better. It's not great. Go ahead. We'll see how we do. Just proceed as is. All right. Start the time now, please. Can you reset the clock? Our argument is very simple. We claim and our argument is that the foreclosed by United States v. McGee, as this court has suggested already, which states the district courts may deny these compassionate release motions when any of the three prerequisites listed in 3582C1 is lacking and do not need to address the others. We think that this is clear, that there's no ambiguity, and that it completely forecloses the defendant's claim. The defendant talks about how McGee and Sixth Circuit precedent requires the court to make certain assumptions regarding whether or not the extraordinary and compelling reasons factor has been met. We don't believe that is the case. There's nothing in the statute that requires that. There's nothing in McGee that requires that. They say the extraordinary and compelling circumstances inquiry is a separate step that must be given weight in the analysis, but the statute doesn't require this, and McGee does not require this. Basically, they're asking this court to ignore the plain language of McGee and craft new requirements upon a 3582C analysis that McGee does not require and that the statute does not require. So that's the sum of our argument. We don't have much more to add than that, and we would just point out that here the district court, consistent with McGee, had no duty under statute or case law to determine whether the defendant's medical condition presented an extraordinary and compelling reason for a reduction, notwithstanding the fact that the government conceded that in the district court. So that would be the government's argument. The defendant's claim is foreclosed. Do you agree that under step three, the 3553A analysis that the court should, not only can, but should consider the factors that are argued as being the compelling circumstances that justify relief under the first step? Do you agree that those facts are part of the 3553A analysis? We think that that would be optimal. That probably should be done. Is it legally required under McGee? We don't think so. The court said in McGee that at step three, the court could consider, quote, any applicable 3553A factors, and what's applicable is within the discretion of the district court. Here, the district court looked at the 3553A factors. After talking extensively about defendant's medical condition in its order, and then looked at the applicable 3553A factors, including the nature and circumstances of the offense, the defendant's, the court had already talked about defendant's health characteristics in the order, the need for the sentence imposed to reflect the seriousness, the need to provide adequate deterrence. So the court considered. Do you think the record shows, you say the court didn't have to consider those medical conditions? Do you think the record supports finding a determination that the district court did consider those factors in this case? Well, we think that a broad reading of the district court's order obviously supports that. The court devoted a whole paragraph right before its discussion of the 3553A factors to an in-depth consideration of the defendant's health conditions, and said that those conditions may present an extraordinary and compelling reason. That is basically a spot. That's like saying, okay, it may be this, and now we're going to consider this. Basically, the court, a fair reading of the record, and the fairest reading of the record is the court did assume that the defendant presented an extraordinary compelling reason, but found that that was not sufficient after applying the 3553A factors. Even if the court did not assume, and I'm trying to, what I think I'm doing is drilling down on Hart's point, which is in the 3553A context, you said it would be optimal. Wouldn't it be an abuse of discretion for the court not to consider health conditions that were the predicate for getting into court to begin with under an extraordinary and compelling circumstance? Even if the court didn't make an express finding on that, it's obliged to consider those things, is it not? Well, that is an unanswered question from McGee or from the statute. Well, let's stop there. If this were a traditional 3553A analysis in a sentencing context, and the defendant had serious health conditions, and he put in evidence that he had serious health conditions, or he just made briefing that he had serious health conditions, he got to the sentencing and the court said, you know, I really don't care about your health conditions. This is what I'm going to give you as a sentence. You mean to tell me there's not a problem with that? We're not saying that. What we're saying is that the law, that in the original sentencing, that the court would be obliged to give consideration to those factors. It would not have to find that those factors preponderated in the analysis. Of course it wouldn't. Of course and let me be clear here. I'm not saying it had to expressly talk about them in the paragraph related to 3553A. All I'm saying is it's not your position, is it, that the court could ignore his medical conditions because there's circumstances of the defendant in 3553A. That's why we said it would be optimal. We don't think the court should ignore it, we don't see a requirement in McGee or the statute for what the court has suggested is required. So you're not saying that it is required in 3553A when considering the circumstances of the defendant, when his health conditions are a salient aspect of the circumstances of the defendant, you're telling me that it is not an abuse of discretion to ignore those circumstances? And let me be clear, I'm not talking about whether the court has to expressly talk about them. I'm talking about does it have to be evident from the record that the court considered them? You know that that's our position is that the court should consider them. That's that's our position. We don't think it's required by the statute. That's why we say it's optimal. We think that what the court has articulated as the right way to do things is the right way to do things. But we don't think that's required under 3582C1A. It would be required if this were straight sentencing under 3553A. Okay, whoa then, what's the distinction? I mean, once you get to three, once you get to the third step, you're doing a 3553A analysis, full stop. I mean, there's nothing in the statute to suggest you're doing otherwise. So if it's required at sentencing, why isn't it required now? Okay, there's a good argument that it should be required based upon the concerns the court has cited. We're just saying that that concern right now, that requirement does not appear in 3582C1A or any of the case law. Whether it should be, whether there's an analogy from the initial sentencing context to this context, we would agree that that's the case. We agree that it should be full stop requirement at this point. We're not saying that would be unreasonable. And we basically agree with the district court's position, with the court, excuse me, getting ahead of myself, with the position that the court has articulated. We agree with that. We just don't see a requirement for that in the statute. The way I read you is it might be important for this court in this decision, however we come out, to say that on the third step, the court needs to consider the health conditions that underlie the request for relief. It would be helpful if we explicitly said that that needs to be required because you don't think that it's clear that it is required at this point, even though it seems to me that it had to be. I think that's a fair statement of what I'm trying to say. And I appreciate the court's help on that. Eloquence indeed. All right. Anything further, Mr. Brown? Nothing further. Any questions from the panel? Okay. Ms. Gassman, you have a little time left. Saying that the court, holding that the court doesn't have to consider, that the district court doesn't have to make a finding on extraordinary compelling reasons, and then doesn't have to consider the reasons presented by the defendant as extraordinary compelling in the analysis, I think just reads out that provision of the statute entirely out of the statute. Ms. Gassman, I think that the discussion that took place, the second part of what you just said, whether the court had to consider the reasons that were presented as extraordinary and compelling circumstances, I thought that your opposing counsel said the court should do that anyway. And it seems to me the court should do that. So you get that. I interpret him as saying that the court would have the discretion to do that or not as it wanted. But if we agree on that, I think the record in this case shows that the court factually described the medical conditions that Mr. Hall presented, but it didn't actually consider them as part of the 3553A analysis in deciding whether or not to grant a reduction. So I think the record in this case just does not support that the district court did the correct analysis. For that reason, we would ask for the court to vacate and remand for a correct analysis. Thank you very much. Case is submitted.